JACOB GROSSMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8290. Promulgated December 17, 1927.

*Jacob Bennett, C. P. A.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

LANSDON: The determination of petitioner's claim depends, first, upon the question whether this debt had an existence in fact. No deduction can be allowed from his gross income, as a bad debt, unless the existence in fact of the debt is established. *Appeal of Luke & Fleming, Inc.*, 1 B. T. A. 12.

The petitioner testified that the repayment of the alleged loan " was dependent on his [the son's] success in life, sooner or later, and at the present time he has not succeeded so that he could not pay it." He also testified that, since the failure of the Missouri enterprise, he had advanced money to be used for the support of the wife and children of the son, and that he had continued to make such advances " to keep his body and soul together," and that he regarded such action as no more than " every father would do for any son whom he considered reliable for a loan."

The law presumes that money transferred by a parent to his child is a gift or advancement, and not a loan. In *Storey* v. *Storey*, 214 Fed. 973, at page 977, the court said:

Transfers of money from a father to a minor son cannot create a debt. Transfers from a father to an adult son may; but only by an express agreement to that effect. Presumptively such transfers are irrevocable gifts, either never to be accounted for or only as advancements.

The same principle was enunciated in *Smith* v. *Smith* (Mich. 1921) 184 N. W. 501—

Money paid to a wife or child will be presumed to have been a gift or advancement, but such presumption is rebuttable.

Also Tiffany on Domestic Relations, 3d ed., p. 391, citing *Taylor* v. *Taylor*, L. R. 20 Eq. 155.

To establish the debt petitioner must show affirmatively that there was an agreement or intention of the parties, at the time of the transaction, that the money transferred was loaned. Proof of such intention or agreement must consist of acts or declarations substantially contemporaneous with the event. Subsequent acts or declarations can not change the nature of the transaction. *Mullen* v. *Mullins*, (N. J.) 130 Atl. 628.

We think the evidence is insufficient to rebut the presumption of law.

Reviewed by the Board.

*Judgment will be entered for the respondent.*