Ralph Fuhrmann and Olive Fuhrmann v. Commissioner.
Fuhrmann v. Commissioner
Docket No. 65804.
United States Tax Court
T.C. Memo 1959-81; 1959 Tax Ct. Memo LEXIS 166; 18 T.C.M. (CCH) 391; T.C.M. (RIA) 59081; April 27, 1959
*166 Held, for failure of proof, petitioner is not entitled to a loss deduction in 1951 in the amount of $1,450 under the provisions of either section 23(e)(3) or section 23(k)(4) of the 1939 Code. Ralph Fuhrmann, pro se, 26530 Plymouth Road, Detroit, Mich., Robert J. Fetterman, Esq., and Robert W. Siegel, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for the taxable year 1951 in the amount of $290.92. The question to be decided is whether an alleged loss of $1,450 is deductible either as loss from a theft under section 23(e)(3), or as a nonbusiness bad debt under section 23(k)(4) *167 of the Internal Revenue Code of 1939. Findings of Fact Petitioners filed a joint return for the calendar year 1951 with the collector of internal revenue for the district of Michigan. Since the issue for decision relates only to Ralph Fuhrmann, he is referred to hereinafter as the petitioner. Petitioner is a millwright. In the pursuit of his trade, petitioner travels from job to job and, in this sense, he is a migrant worker. He maintained a home during the taxable year in Garden City, Michigan. Petitioner married Olive Fuhrmann in 1945. Petitioner's gross income in 1951 was $6,085.40. The respondent, upon auditing petitioner's income tax return (Form 1040), allowed a deduction in the amount of 10 per cent of the adjusted gross income, $608.54, in lieu of all of the itemized deductions taken in the return. Some of the itemized deductions were disallowed for lack of substantiation. Among the disallowed deductions is $1,450, which is described in the return as cash advanced to Dorothy Sieford Sims, who is known also as Dorothy Sievard Sims. Respondent disallowed this deduction for the following reasons: He determined that petitioner had not established (a) that a loss of $1,450 *168 was sustained; (b) that the loss occurred during 1951; (c) that there was a bad debt; and (d) if there was a bad debt, that it became worthless in 1951. The deduction was determined to be not allowable under either section 23(e)(3) or section 23(k)(4) of the 1939 Code. Petitioner did not receive from Dorothy Sievard Sims any evidence of a loan or advancement of money from petitioner; he did not receive a note or any security from her; she did not pay petitioner any interest and petitioner did not require that any interest be paid; there was no date fixed as the date on which repayment of the alleged advance of money would be due. He has no record of a loan or advancement of money to her. He did not obtain the services of a collection agency to recover money advanced to her, and he did not institute any legal action against her to recover money. A lawyer in Wyandotte, Michigan, by letter dated January 9, 1946, addressed to petitioner, advised petitioner that Mrs. Oliver Sims, formerly Dorothy Sievard, denied that she owed petitioner "any money whatever," and that she claimed that any indebtedness she may have had to Fuhrmann had "been paid in full." Petitioner has not had any *169 communication with Dorothy Sievard Sims, directly or indirectly, since 1946. Petitioner failed to keep, and he did not produce, any records, receipts, cancelled checks, or any other proof of his disbursements of money for certain claimed payments for which deductions were taken in his return and were disallowed for lack of substantiation. Petitioner did not report any capital gain in his return for 1951. Petitioner did not sustain a loss in 1951 in the amount of $1,450 from a theft, or from a nonbusiness debt which became worthless in 1951. Opinion The issue for decision is whether the petitioner is entitled to a deduction in 1951 in the amount of $1,450 as a loss either from a theft, under section 23(e)(3), or from a nonbusiness debt which became worthless in 1951, under section 23(k)(4). Our finding of fact that petitioner did not sustain a loss in 1951 from a theft disposes of the claim for a deduction under section 23(e)(3). Petitioner is not entitled to a deduction for a loss from theft. In order to obtain a deduction for a worthless, nonbusiness bad debt under section 23(k)(4), petitioner is required to establish by competent proof the following: The existence *170 of the debt and the amount; when the debt became due; that efforts were made unsuccessfully to collect the indebtedness; and that the debt became worthless in the year in which the deduction is claimed, rather than in an earlier or a later year. The petitioner must show that at the time money was advanced there was an intention to make a loan and that there was no intention to make a gift, i.e., that a debtor-creditor relationship existed. Jacob Grossman, 9 B.T.A. 643; Charles J. Matthews, 8 T.C. 1313. Where there is failure to try to obtain repayment of a loan by a debtor through regular commercial and legal procedures, in addition to mere requests for repayment, the indebtedness does not qualify under the statute as a debt which became worthless in the taxable year. Walter J. Runyon, 8 T.C. 350. The petitioner has the burden of proof. He relies entirely upon his own testimony which, in general, is as follows: Petitioner intended marrying Dorothy Sievard, a divorcee, who owned a house subject to a mortgage in the amount of about $2,140. In August and September 1944, petitioner withdrew funds from his bank accounts in the total amount of $2,140, *171 and advanced that amount to Dorothy for the purpose of paying the mortgage. She repaid him various sums $690totaling, the last payment being made in January 1945, leaving a balance due of $1,450. Dorothy married Oliver Sims at some time during 1945. Petitioner married his present wife in 1945. Petitioner made inquiries of collection agencies regarding their taking his claim for collection, but as their fees were larger than petitioner would agree to, the claim was not turned over to any collection agency and petitioner relied solely upon requests to Dorothy to repay the balance. Assuming that all of petitioner's testimony is true and that in 1945 there was a debt of $1,450 owing to him by Dorothy, there is no proof that such debt did not become worthless during some year prior to 1951. If the debt became worthless before 1951, such fact alone would suffice as the reason for disallowing the deduction in 1951. Petitioner has failed to prove that the debt had any value at the end of 1950 and the beginning of 1951, and that the debt did not become worthless before 1951. Furthermore, under the provisions of sections 23(k)(4) and 117(d)(2), the amount of a nonbusiness bad debt deduction *172 is limited, and petitioner has failed to establish that such statutory limitations as to the amount of the deduction do not reduce the allowable deduction to $1,000, or less. Petitioner contends that the taxable year 1951 is the year in which the bad debt deduction is allowable because the applicable Michigan statute of limitations did not expire until 1951. Such contention is of no aid to petitioner. In Watson v. Fahs, 120 Fed. Supp. 424, 427, a similar argument was rejected, the court there saying, in effect, that the availability of the defense of the running of the statute of limitations to a debtor does not constitute a sufficient ascertainment of worthlessness, in the year in which such defense becomes available to the debtor, as to justify a determination of worthlessness of the debt under section 23(k)(4). "The running of the statute of limitations does not extinguish a debt or render it worthless, but merely provides the debtor with an affirmative defense which may be pleaded in an action instituted against him for the collection of a debt." Watson v. Fahs, supra. The respondent's disallowance of the deduction of $1,450 is sustained. Decision *173 will be entered for the respondent.